QUESTION: Does a conflict of interest exist if a counselor in the Division of Vocational Rehabilitation of the Florida Department of Health and Rehabilitative Services serves on the board of directors of a private nonprofit corporation engaged in providing rehabilitative services to the mentally retarded and mentally disturbed?
SUMMARY: No conflict of interest is created when a counselor in the Division of Vocational Rehabilitation serves as a member of the board of directors of a private, nonprofit corporation engaged in providing rehabilitative services to the mentally retarded and mentally disturbed. However, in order to avoid even the appearance of a conflict of interest, the public employee should recuse himself from all situations in which he might refer a client of the Division of Vocational Rehabilitation to the corporation in question. You state that you are a counselor in the Division of Vocational Rehabilitation (DVR) of the Florida Department of Health and Rehabilitative Services. You are also a member of the board of directors of a private nonprofit, tax-exempt corporation engaged in providing rehabilitative services to the mentally retarded and mentally disturbed. In your capacity as a counselor in DVR, you may have occasion to refer DVR clients to the corporation in question, which is then reimbursed by DVR for services rendered. You inquire as to whether a conflict of interest exists in such circumstances. There are several general means by which a conflict of interest may arise under the laws of this state. Firstly, there may be a violation of the Standards of Conduct Law, ss. 112.311-112.318, F.S., which broadly prohibits public officers or employees from possessing private interests or engaging in commercial activities which are in substantial conflict with the performance of their public duties. Section112.311, id. In the instant situation, the public employee derives no personal financial benefit from the operations of the corporation in question, since it is a nonprofit corporation and he receives no remuneration therefrom. Moreover, the corporation has the same general goals as the Department of Health and Rehabilitative Services, so there appears to be no "substantial conflict" between the public employee's private interest in this respect and his public duties. Cf. AGO's 073-384 and 074-31. However, one specific standard of conduct prescribed in the law should be noted. Section 112.313(3), supra, prohibits public officers from using or attempting to use their official positions to secure special privileges or exemptions for themselves or others, except as may be otherwise provided by law. And it has been previously held by this office that not only must an actual breach of a standard of conduct be avoided, but any appearance of a violation must be avoided as well. Cf. AGO's SC67-12 and 074-93. In the instant situation, the public employee may create such an appearance if he refers DVR clients to the corporation in question (e.g., by referring the most desirable clients to the corporation or by referring more clients to the corporation than elsewhere, thus helping to assure the corporation's continued operation). Thus, I am of the opinion that the public employee, when presented with the opportunity to refer a DVR client to the private nonprofit corporation with which he is connected, should recuse himself from considering the matter, thereby avoiding any appearance of favoritism. Cf. s. 286.012, F.S., which permits a public officer to abstain from voting on a matter with respect to which the public officer has or appears to have a conflict of interest. Another method by which a conflict of interest may arise in this state is through a violation of any one of several provisions of Ch. 839, F.S., which generally prohibit "self-dealing" by certain public officials. See ss. 839.07, 839.08, 839.09, and 839.10. However, there appears to be no violation of these provisions in the situation you describe. Finally, both Ch. 839, id., and, to a certain extent, the Standards of Conduct Law, are merely declaratory of the time-honored rule of public policy that one cannot serve two masters. City of Miami v. Benson, 63 So.2d 916 (Fla. 1953); City of Coral Gables v. Weksler, 164 So.2d 260, 263 (3 D.C.A. Fla., 1964), aff'd per curiam, 170 So.2d 844 (Fla. 1964); AGO 073-215. As stated in Weksler, supra, at p. 263, The conflict of interest theory is based as we understand it, on the fact that an individual occupying a public position uses the trust imposed in him and the position he occupied to further his own personal gain. It is the influence he exerts in his official position to gain personally in spite of his official trust which is the evil the law seeks to eradicate. As previously indicated, the public employee in the instant situation will not "gain personally" because of any official action he initiates which involves the private, nonprofit corporation in question. Thus, no "dual agency" relationship is created, and there is no violation of this still viable rule of public policy. Again, however, in order to prevent any appearance of such a violation, the public employee should recuse himself from all situations in which he might refer a DVR client to the corporation.